SCHOOL COMMITTEE OF GRAFTON vs. GRAFTON
TEACHERS' ASSOCIATION
(and a companion case).

Worcester. May 2, 1983. — August 1, 1983.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*School and School Committee,* Tenure of personnel, Arbitration. *Arbitration,* School committee.

Where it appeared that *Ripley* v. *School Comm. of Norwood, ante* 610 (1983), would determine issue of tenure rights of three public school teachers whose services were terminated for budgetary reasons and who were later recalled, this court remanded their case for further consideration in light of *Ripley.* [792]

CIVIL ACTION commenced in the Superior Court Department on October 7, 1981.

The case was heard by *Meagher, J.*

CIVIL ACTION commenced in the Superior Court Department on May 25, 1982.

The case was heard by *Mulkern, J.*

After review of each case was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Maurice M. Cahillane* for the defendant.

*Demitrios M. Moschos (Karen E. Ludington* with him) for the plaintiff.

*Austin Broadhurst,* for Massachusetts Association of School Committees, Inc., amicus curiae, submitted a brief.

*Sandra C. Quinn,* for Massachusetts Teachers Association, amicus curiae, submitted a brief.

HENNESSEY, C.J. In these consolidated cases we are asked to determine whether certain grievances brought by the Grafton Teachers' Association (teachers' association) before

the Board of Conciliation and Arbitration (board) are arbitrable. The dispute in these cases arose after the School Committee of Grafton (school committee) notified eleven tenured teachers that it intended to dismiss them pursuant to G. L. c. 71, § 42, for budgetary reasons. On July 13, 1981, the school committee held dismissal hearings pursuant to G. L. c. 71, § 42, and, at the conclusion of these hearings, voted to dismiss the teachers. On September 14, 1981, two of the dismissed teachers were appointed by the school committee to full-time teaching positions for the 1981-1982 school year. The appointments were retroactive to September 8, 1981. A third teacher was appointed to a full-time teaching position, effective November 16, 1981, for the balance of the 1981-1982 school year.

The first of these consolidated cases commenced after the teachers' association filed a grievance alleging that the dismissal of the eleven teachers violated art. XXV of the collective bargaining agreement then in effect. The teachers' association contended in its grievance that art. XXV of the collective bargaining agreement required the school committee to "lay off," rather than to "dismiss" teachers in a reduction in force due to economic considerations. The teachers' association submitted that the school committee could not "dismiss" the teachers until the expiration of the one-year period established in the collective bargaining agreement, during which time the teachers retained certain recall rights. The grievance was denied by the superintendent of schools and the school committee. In June, 1981, the teachers' association submitted this grievance to the board and a hearing before the board was scheduled for October 28, 1981. On October 7, 1981, the school committee filed a complaint in the Superior Court pursuant to G. L. c. 150C, § 2 (b), seeking a stay of the arbitration proceeding. On October 23, 1981, the judge ordered the arbitration permanently stayed, finding that "the claim sought to be arbitrated does not state a controversy covered by the provision for arbitration and disputes concerning the interpre-

tation or application of the arbitration provision are not themselves made subject to arbitration."

The second of these consolidated cases arose after the teachers' association, in January, 1982, filed another grievance arguing that the three recalled teachers had reacquired tenured status. The teachers' association based its argument on the "lay off" provision of art. XXV of the collective bargaining agreement and on a provision in art. XXV which requires that recalled teachers be given "such salary, seniority and fringe benefits as they were entitled to at the effective date of their lay off." In April, 1982, after a hearing, the school committee dismissed the grievance. The teachers' association then submitted the grievance to the board. The school committee commenced another action in the Superior Court pursuant to G. L. c. 150C, § 2 (b), seeking a permanent stay of the arbitration proceeding. The judge granted the stay on the ground that the issue whether the teachers were tenured employees upon reappointment was "a function of law rather than . . . a function of the disputed contract." The teachers appealed both actions. On November 4, 1982, the teachers' association filed a motion to consolidate the cases and that motion was allowed. We transferred the cases to this court on our own motion.

The teachers' association contends that the matters sought to be arbitrated are indeed arbitrable and that the judge, therefore, erred in granting the permanent stays. The matters sought to be arbitrated are (1) whether the school committee violated the collective bargaining agreement when it dismissed rather than laid off eleven teachers pursuant to art. XXV of the collective bargaining agreement, (2) whether this "laid off" status contemplates, as a matter of contractual interpretation and not as a matter of statutory or common law regarding tenure, that those "laid off" teachers who are reemployed by the school committee during the recall period retain tenure, and (3) whether teachers who are dismissed for economic reasons are entitled to tenure because of the provision in art. XXV of the collective bargaining agreement which provides that recalled

teachers be given "such salary, seniority and fringe benefits" to which they were previously entitled.

It is likely that the recent case of *Ripley* v. *School Comm. of Norwood, ante* 610 (1983), is controlling as to the issues in this case. *Ripley* was decided by this court after the trial judge had decided these cases, and after these cases were argued before this court. In *Ripley,* we held that a teacher who had been discharged because of declining enrollment at the end of her fifth consecutive year of employment and who was appointed a full-time teacher in November of the next year following her discharge, was a teacher who had "served . . . for three previous consecutive school years" under G. L. c. 71, § 41, so that when the school committee voted to appoint her she had tenured status. *Id.* at 612-613. The only aspect of the lay-off year which the parties have argued here concerns the tenure status of the teachers rehired during that lay-off period. We perceive from the record before us no meaningful factual distinction between the teacher in *Ripley* and the three teachers who were rehired in this case. Therefore, application of *Ripley* probably will establish the tenured status of these three teachers. As to the other eight teachers, their cases appear to be moot, whether considered under the statute or under the contract, because they were not rehired during the one year following their dismissals.

Accordingly, we vacate the judgments and remand the cases to the Superior Court for reconsideration in light of *Ripley.*[1]

*So ordered.*

---

[1] We go no further than to predict the "likely" result because it is possible that on reconsideration below, facts of which we are not presently aware may be shown to distinguish these cases from *Ripley.* We appreciate that the proceedings below have not heretofore raised the statutory issue, but the practical disposition of the tenure claims of these teachers, from a standpoint of judicial economy and every other relevant consideration, is best raised by this remand for further proceedings.